838 F.2d 1210
 24 Fed. R. Evid. Serv. 734
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifton THOMAS, Defendant-Appellant.
 No. 87-5038.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 27, 1987.
Decided: Feb. 2, 1988.
 
 Robert Stanley Powell, on brief, for appellant.
 Henry E. Hudson, United States Attorney, Constance H. Frogale, Assistant United States Attorney, Tina S. Tisinger, Third-Year Law Student, on brief, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Clifton Thomas appeals from the district court's conviction of him for possession of heroin with the intent to distribute and for possession of marijuana. The facts of the case are as follows.
 
 
 2
 Captain Jernigan, a Department of Corrections Officer at Lorton Reformatory, received information that inmate Clifton Thomas was involved in selling drugs at the reformatory. In the presence of Jernigan, Officer Payne searched Thomas' bed. Although inmate assignments at Lorton are made by dormitory and not by bed, Thomas testified that he had used this bed for about thirty days prior to the search.
 
 
 3
 Payne found a seven to eight foot string which he pulled out of the bedframe. Attached to the string were plastic packets of white powder and approximately $550. Although Payne did not testify to the presence of marijuana and the field testing at Lorton indicated traces of cocaine, the DEA chemist showed the substances to be heroin and marijuana.
 
 
 4
 Jernigan testified that from the time the items were discovered, the packets did not leave his presence at any time. Jernigan took the packets from Payne and took them to another Lorton facility for field testing. He then brought the packets back to his safe where he placed everything in a brown bag, folded the bag over, and stapled it shut. He then initialed the bag and locked it in his safe where other drugs were maintained.
 
 
 5
 After three hours, FBI Agent Luker arrived and took possession of the brown paper bag. He brought it to his office and maintained it in a temporary vault until he unlocked the vault with Special Agent McKee who then took possession of the bag.
 
 
 6
 McKee prepared a DEA form listing the contents of the paper bag, put them in a heat-sealed envelope, signed and tagged the envelope, and hand delivered it to the DEA lab. This material was returned to McKee from the DEA via registered mail. He reviewed the contents, matching the packets with his list, and resealed the envelope. He then dated the envelope, initialed it, and locked it in a safe.
 
 
 7
 On appeal Thomas alleges that the mere evidence of drugs in his bedrail was insufficient to support his conviction for knowingly possessing heroin and marijuana. In addition, he alleges that because the government failed to sufficiently establish a chain of custody for the drugs, they were inadmissible.
 
 
 8
 Regarding Thomas' first claim, we find that the evidence was sufficient to support the conviction. The test is not whether this Court "is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found [Thomas] guilty beyond a reasonable doubt." United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986) (quoting United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982)). We find that a rational jury could have found Thomas guilty beyond a reasonable doubt.
 
 
 9
 Heroin, marijuana, and five hundred dollars were found in Thomas' bedrail. A DEA agent testified that the heroin had a street value of $3,500. A jury could have reasonably rejected Thomas' claim that some unknown person intentionally or mistakenly put those items in his bed. United States v. Mendel, 746 F.2d 155, 166-67 (2d Cir.1984) (prosecution need only prove a rational basis from which to conclude that exhibit did, in fact, belong to appellant), cert. denied, 469 U.S. 1213 (1985).
 
 
 10
 A decision to overturn a jury verdict for insufficient evidence must be restricted to cases where the prosecution clearly failed to meet its burden of proof. Burks v. United States, 437 U.S. 1, 17 (1978). This is not such a case. Viewing the evidence in a light most favorable to the government, we find that the evidence supports the jury's finding that Thomas was guilty of possession of marijuana and possession of heroin with intent to distribute.
 
 
 11
 Regarding Thomas' second claim that the government failed to meet its burden of establishing that the items seized were, in fact, the items listed in the indictment, we disagree.
 
 
 12
 There must be a reasonable probability that the evidence remained in its original condition. United States v. Howard-Arias, 679 F.2d 363, 365-66 (4th Cir.), cert. denied, 459 U.S. 874 (1982); Mendel, 746 F.2d at 166-67 (ultimate question is whether the authentication testimony is sufficiently complete so as to convince the court of the improbability that original item had been exchanged with another or otherwise tampered with).
 
 
 13
 There was no evidence of tampering or any reason to believe the officials did not act properly in the instant case. FBI Agent Luker testified that the envelope which Agent McKee took from him did not appear to have been altered in any way.
 
 
 14
 In United States v. Atkinson, 513 F.2d 38, 42 (4th Cir.1975), we held that identification testimony was sufficient where the prosecution tracked the packages to, through, and from every hand into which they passed until they reached the chemist, and each handler vouched for the exclusiveness of his custody. We find that the court acted within its discretion in finding that the government in the instant case had sufficiently established a chain of custody. The government tracked Thomas' packages to, through, and from every hand into which they passed until they reached the DEA lab, and each handler vouched for the exclusiveness of his custody.
 
 
 15
 Once it has been established that the court acted within its discretion, any residual questions about chain of custody go to the weight of the evidence, not its admissibility. United States v. Brewer, 630 F.2d 795, 802 (10th Cir.1980). In accordance with this proposition, the court correctly instructed the jury on the phrase "chain of custody." The jury was told that the government had to prove beyond a reasonable doubt that the substance seized was the same substance that was analyzed. The jury had to be satisfied beyond a reasonable doubt that the items seized were kept, separated, and identified in such a way that the indictment accurately reflected the items seized. As Thomas has not established that the district court abused its discretion, the court's decision on the issue of chain of custody will not be disturbed. Brewer, 630 F.2d at 801-02.
 
 
 16
 Thus, we affirm the judgment below. Because the facts and legal arguments are adequately presented in the briefs and record, the decisional process would not be significantly aided by oral argument.
 
 
 17
 AFFIRMED.